**SO ORDERED.**

**SIGNED this 22nd day of May, 2020.**



*/s/ Catharine R Aron*
_____
UNITED STATES BANKRUPTCY JUDGE

---

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**
**WINSTON-SALEM DIVISION**

| | |
|---|---|
| In re: | |
| CIRINO CONSTRUCTION CO., INC. | Case No. 19-51037 |
| | Chapter 7 |
| Debtor. | |
| DANIEL C. BRUTON, Trustee in bankruptcy for Cirino Construction Co., Inc. | |
| Plaintiff, | Adv. Pro. No. 20-06077 |
| v. | |
| HIGH SPEED CAPITAL, LLC, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

## DENYING MOTION TO DISMISS COMPLAINT

This adversary proceeding came before the Court on May 6, 2020, to consider the Motion to Dismiss Adversary Proceeding and Request for Attorney's Fees [Doc. #8] (the "Motion to Dismiss") filed by High Speed Capital, LLC ("Defendant") on April 10, 2020. At the hearing, Shanna M. Kaminski and Jill C. Walters appeared on behalf of Defendant and Daniel C. Bruton

1

appeared as Chapter 7 Trustee for Cirino Construction Co., Inc. ("Plaintiff"). After considering the Motion to Dismiss, the Trustee's Response to the Motion to Dismiss [Doc. #9], the Defendant's Reply to the Trustee's Response [Doc. #12] ("Defendant's Reply"), the Trustee's Reply to the Defendant's Reply [Doc. #13], the arguments of counsel, and the record in this proceeding, the Court finds that the Motion to Dismiss should be denied for the reasons which follow.

## BACKGROUND

On March 10, 2020, Plaintiff brought this adversary proceeding seeking to avoid pre-petition transfers to Defendant pursuant to 11 U.S.C. § 547(b) and seeking a monetary judgment against Defendant pursuant to 11 U.S.C. § 550(a) in the amount of the preferential transfers, $14,820.22. Defendant has moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(3)[1] due to improper venue under 28 U.S.C. § 1409(b). Defendant contends that venue is improper per § 1409(b) because Plaintiff seeks a recovery of less than the $25,000 monetary threshold set forth in § 1409(b) and Defendant resides in the Southern District of New York for venue purposes. The Motion to Dismiss also requests attorney's fees pursuant to Fed. R. Bankr. P. 9011.

## ANALYSIS

The issue before the Court is whether a preference action under 11 U.S.C. § 547(b) is subject to the venue limitations provided for in 28 U.S.C. § 1409(b). This Court finds that it is not.

28 U.S.C. § 1409 defines venue of proceedings arising under title 11 or arising in or related to cases under title 11. 28 U.S.C. § 1409(a) provides: "Except as otherwise provided in subsections (b) and (d), a proceeding *arising under title 11 or arising in or related to a case*

---

[1] Fed. R. Civ. P. 12(b)(3) is made applicable to these proceedings by Fed. R. Bankr. P. 7012.

*under title 11* may be commenced in the district court in which such case is pending." 28 U.S.C. § 1409(a) (emphasis added). That is, § 1409(a) clearly applies to three types of bankruptcy proceedings: those (1) "arising under" title 11, (2) "arising in" a case under title 11, or (3) "related to" a case under title 11. 28 U.S.C. § 1409(b) lays out an exception to § 1409(a), and provides that:

> Except as provided in subsection (d) of this section, a trustee in a case under title 11 may commence a proceeding *arising in or related to* such case to recover a money judgment of or property worth less than $1,375 or a consumer debt of less than $20,450, or a debt (excluding a consumer debt) against a noninsider of less than $25,000, only in the district court for the district in which the defendant resides.

28 U.S.C. § 1409(b) (emphasis added). Notably different from § 1409(a), the venue limitations of § 1409(b) apply only in two types of bankruptcy proceedings: "arising in" or "related to" title 11.

"An adversary proceeding to avoid a preference and to obtain a monetary judgment for the amount of the avoided preference is 'a proceeding arising under title 11' ". *In re Tadich Grill of Wash. D.C., LLC*, 598 B.R. 65, 67 (Bankr. D.D.C. 2019). As a preference action is a proceeding "arising under" title 11, it is not subject to the venue limitations provided for in § 1409(b), which apply only to proceedings "arising in" or "related to" title 11.[2]

---

[2] This is a matter of first impression before this Court. While there is a split of authority as to this issue, it is the majority opinion that a proceeding "arising under" title 11 is not subject to the venue limitations provided for in § 1409(b). *See In re Tadich Grill of Wash. D.C., LLC*, 598 B.R. 65 (Bankr. D.D.C. 2019); *In re J & J Chem., Inc.*, 596 B.R. 704 (Bankr. D. Idaho 2019); *In re Sunbridge Capital, Inc.*, 454 B.R. 166 (Bankr. D. Kan. 2011); *In re Excel Storage Prods., L.P.*, 458 B.R. 175 (Bankr. M.D. Pa. 2011); *In re Bamboo Abbott, Inc.*, 458 B.R. 701 (Bankr. D.N.J. 2011); *In re Rosenberger*, 400 B.R. 569 (Bankr. W.D. Mich. 2008); *In re Guilmette*, 202 B.R. 9 (Bankr. N.D.N.Y. 1996); *In re Van Huffel Tube Corp.*, 71 B.R. 155 (Bankr. N.D. Ohio 1987); *In re Skyline Manor, Inc.*, 2015 Bankr. LEXIS 4258 (Bankr. D. Neb. Dec. 18, 2015).

3

However, there is a minority rationale that concludes § 1409(b) does apply to cases "arising under" title 11.[3] Defendant's Motion to Dismiss and Defendant's Reply rely on two arguments advanced by courts following the minority rationale: (1) the omission of "arising under" from § 1409(b) was inadvertent, as is made clear given the legislative history and (2) "arising in" proceedings include "arising under" proceedings. This Court finds these arguments to be unpersuasive and will address each in turn.

I.      *The Omission of "Arising Under" from § 1409(b) was Inadvertent*

In *Dynamerica Manufacturing*, the court held that the absence of "arising under" from the plain language of § 1409(b) was inadvertent, and that given the legislative history, it was the intent of Congress that the venue provisions of §1409(b) apply to preference actions. *In re Dynamerica Mfg., LLC*, Bankr. No. 08-11515, Adv. No. 10-50759, 2010 Bankr. LEXIS 1384 (Bankr. D. Del. May 10, 2010). In the Motion to Dismiss, Defendant advances a similar argument, imploring the Court to consider the legislative history of the Small Business Reorganization Act which amended the monetary thresholds in § 1409(b).

Statutory interpretation begins with the text of the statute. *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 98 (2003). "Only when statutory text is ambiguous do we consider 'other indicia of congressional intent such as the legislative history.' " *Copley v. United States*, No. 18-2347, 2020 WL 2374542, at *4 (4th Cir. May 12, 2020) (quoting *Lee v. Norfolk S. Ry. Co.*, 802 F.3d 626, 631 (4th Cir. 2015)). Congress included all three types of bankruptcy proceedings, including those "arising under" title 11 and those "arising in" or "related to" title 11, in 28

---

[3] A minority of courts have found that § 1409(b) does apply to proceedings "arising under" title 11. *See In re Nukote Int'l, Inc.*, 457 B.R. 668 (Bankr. M.D. Tenn. 2011); *In re Dynamerica Mfg., LLC*, Bankr. No. 08-11515, Adv. No. 10-50759, 2010 Bankr. LEXIS 1384 (Bankr. D. Del. May 10, 2010); *In re Raymond*, Bankr. No. 08-82033, Adv. No. 09-6177, 2009 Bankr. LEXIS 2053 (Bankr. N.D. Ga. June 16, 2009); *In re Little Lake Indus., Inc.*, 158 B.R. 478 (B.A.P. 9th Cir. 1993).

4

U.S.C. § 1409(a). Congress only included two types of bankruptcy proceedings, those "arising in" or "related to" title 11, in 28 U.S.C. § 1409(b). "[Where] Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23 (1983) (internal citation omitted).

Further, had "arising under" inadvertently been omitted from the text of § 1409(b), Congress had the perfect opportunity to fix the mistake and resolve the judicial schism with the Small Business Reorganization Act of 2019, which became effective on February 19, 2020.[4] The Small Business Reorganization Act amended § 1409(b) to increase the monetary thresholds therein. The fact that Congress did not amend the plain language of the statute to include "arising under" leads to the conclusion that the omission of "arising under" was intentional.

The language of 28 U.S.C. § 1409(b) as it is written is clear and unambiguous: it applies only in two types of bankruptcy proceedings, those "arising in" or "related to" title 11. Given the unambiguous language of 28 U.S.C. § 1409(b), this Court need not consider the legislative history.

 II.   *"Arising in" Proceedings Include "Arising Under" Proceedings*

The courts in *Little Lake Industries* and *Nukote International* found that all proceedings "arising under" title 11 also "arise in" the bankruptcy case for the purposes of § 1409(b). *In re Little Lake Indus., Inc.*, 158 B.R. 478 (B.A.P. 9th Cir. 1993); *In re Nukote Int'l, Inc.*, 457 B.R. 668 (Bankr. M.D. Tenn. 2011). The courts found that "arising in" proceedings were broad

---

[4] "If Congress enacted into law something different from what it intended, then it should amend the statute to conform it to its intent. 'It is beyond our province to rescue Congress from its drafting errors, and to provide for what we might think . . . is the preferred result.' " *Lamie v. United States Trustee*, 540 U.S. 526, 542 (2004) (quoting *United States* v. *Granderson,* 511 U.S. 39, 68 (1994)).

enough to include "arising under" proceedings, and that the two were not mutually exclusive types of proceedings. *Id.*

However, "arising under" and "arising in" are two distinct categories of proceedings. This Court has previously explained:

> Cases "arise under" Title 11 when the cause of action or substantive right claimed is created by the Bankruptcy Code. . . . Cases "arise in" a title 11 proceeding if they "are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy."

*In re Dambowsky*, 526 B.R. 590, 597 (Bankr. M.D.N.C. 2015) (quoting *In re Southeastern Materials, Inc.*, 467 B.R. 337, 346 n.4 (Bankr. M.D.N.C. 2012)). An avoidance action, such as the preference action at hand, is a classic example of a proceeding that is based upon a substantive right created by the Bankruptcy Code.

Congress purposefully included all three types of proceedings in 28 U.S.C. § 1409(a). If "arising in" is broad enough to include "arising under" there would have been no reason for Congress to include all three distinct types of proceedings in § 1409(a). Rather, it is a more sensical conclusion that Congress included " 'arising under' proceedings in § 1409(a) but not in § 1409(b)…[in order to] provide for venue over such proceedings in §1409(a) and not to have § 1409(b) except such proceedings from § 1409(a)." *In re Tadich Grill of Wash. D.C., LLC*, 598 B.R. 65, 69 (Bankr. D.D.C. 2019).

Therefore, the Court does not find Defendant's arguments to be persuasive. 28 U.S.C. § 1409(b) does not apply to proceedings "arising under" title 11, and as such the Motion to Dismiss should be denied.

## **CONCLUSION**

For the reasons as stated above, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

(1) The Motion to Dismiss is DENIED.

(2) The request for attorney's fees pursuant to Fed. R. Bankr. P. 9011 is DENIED.[5]

(3) Defendant shall have 30 days from the date of this Order to file an Answer.

[END OF DOCUMENT]

---

[5] As this issue was a matter of first impression before the Court, sanctions pursuant to Fed. R. Bankr. P. 9011 awarding attorney's fees are highly inappropriate.

PARTIES TO BE SERVED

**Daniel C. Bruton**
Bell, Davis & Pitt, P.A.
600 Century Plz.
100 N. Cherry St.
P. O. Box 21029
Winston-Salem, NC 27120-1029

**Shanna M. Kaminski**
160 W. Forst Street, 5th Floor
Detroit, MI 4826

**Jill Christine Walters**
Womble Bond Dickinson (US) LLP
555 Fayetteville Street
Suite 1100
Raleigh, NC 27601

**William P. Miller**
Bankruptcy Administrator
101 South Edgeworth Street
Greensboro, NC 27401